**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHELLE HINES,

      Plaintiff,

v.                                                  Case No: 8:24-cv-648-TPB-TGW

SIGNATURE PAYROLL
SERVICES, LLC,

      Defendant.

_____/

## ORDER GRANTING "DEFENDANT'S MOTION TO STAY THIS ACTION AND COMPEL ARBITRATION"

This matter is before the Court on "Defendant's Motion to Stay This Action and Compel Arbitration," filed on September 3, 2024.  (Doc. 8).  Plaintiff Michelle Hines has not filed a response in opposition, and the time to respond has expired. After reviewing the motion, court file, and record, the Court finds as follows:

## Background

This case arises from an employment dispute under the Family and Medical Leave Act ("FMLA") in connection with Plaintiff Michelle Hines' employment and separation from employment with Defendant Signature Payroll Services, LLC.  On April 28, 2018, at the outset of her employment as a market liaison, Plaintiff entered into a binding arbitration agreement to resolve all disputes arising from her employment through mediation and arbitration.  For the next few years, Plaintiff performed her job admirably and with no known issues, receiving many accolades

and financial bonuses from Defendant.  In March 2020, her duties transitioned to work from home, presumably due to the COVID-19 pandemic.

On October 31, 2021, Plaintiff required emergency surgery.  She was left with a severe medical condition that impacts one or more of her major life activities – cauda equina syndrome, which includes partial paralysis.  Plaintiff required continuing medical treatment.  Because her medical condition is covered under the FMLA, Plaintiff applied for and was approved for continuous FMLA leave from November 1, 2021, through November 5, 2021, and intermittent FMLA leave from November 6, 2021, through October 31, 2022.

Plaintiff returned to work just one week after her surgery, and she continued to work admirably and with no issues through November 2021.  However, in December 2021, Defendant informed Plaintiff that she was no longer able to work from home.  Plaintiff sought a reasonable accommodation to work from home due to her disability, but Defendant denied her request.  Plaintiff then requested continuous FMLA leave from February 21, 2022, through April 26, 2022.  Defendant approved her request, but then Defendant failed to return Plaintiff to the same or similar position when she returned on April 27, 2022.  Defendant then terminated Plaintiff on March 10, 2022, allegedly for utilizing her rights under the FMLA.

## Analysis

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, "embodies a liberal federal policy favoring arbitration agreements."  *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (internal quotation omitted).  In fact,

the Eleventh Circuit Court of Appeals has "recognized that the FAA creates a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (internal quotations omitted).  In addition, "Florida public policy favors arbitration, and any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *Dye v. Tamko Bldg. Prods., Inc.*, 275 F. Supp. 3d 1314, 1317 (M.D. Fla. 2017) (quoting *BKD Twenty-One Mgmt. Co., Inc. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012)), *aff'd*, 908 F.3d 675 (11th Cir. 2018).

"Under the FAA, a party seeking to compel arbitration must demonstrate that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Garcia v. Church of Scientology Flag Serv. Org., Inc.*, No. 8:13-cv-220-T-27TBM, 2015 WL 10844160, at *3 (M.D. Fla. Mar. 13, 2015) (internal quotations omitted).

Defendant has presented a written arbitration agreement, signed by Plaintiff.  Plaintiff's FMLA claims clearly fall within the scope of that agreement.

> In consideration of the Company [Defendant] employing you [Plaintiff], and the mutual promises set forth herein, you and the Company agree that:
>
> **(1) All disputes, matters, claims, demands, allegations, and/or causes of action of any kind, that are directly or indirectly related to or otherwise concern your … employment**, payment of wages, benefits or other compensation, and/or termination of employment with the Company (a "claim" or "matter")

**shall be deemed WAIVED unless your claim is** (a.) first submitted through the Company's Stakeholder Problem Resolution Process, and if not successfully resolved there, then (b.) submitted next to non-binding mediation, and if not successfully resolved there, then (c.) **submitted to final, binding, and confidential arbitration**.

(2) **This agreement includes ... any alleged violations of ... the Family Medical Leave Act ("FMLA")** ... as well as any and all claims under federal, state, and local laws and common law related to or arising out of any part of the employment relationship.

**(6) If mediation does not successfully resolve the claim, a party may submit a claim to final, binding and confidential arbitration**. To initiate arbitration, a party must send a written Request for Arbitration to the other party within thirty (30) days of the mediation conclusion date. ... **The arbitrator will decide all aspects of the arbitration, including the validity and applicability of this Agreement**. A court of law will not make these decisions. If the arbitrator determines that any part of this Agreement is invalid, the rest of this Agreement will remain in full force and effect. The arbitrator's decision will be final, binding, and fully enforceable by a court. The arbitrator has authority to award the same remedies as a court of law sitting in the relevant jurisdiction, applying its own law.

*See* (Doc. 8-1) (emphasis added).

By failing to respond, Plaintiff has failed to articulate any reason that the arbitration agreement should not be enforced. Because Plaintiff agreed to arbitrate her employment claims, including any alleged violations of the FMLA, Defendant's motion to compel arbitration is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Stay This Action and Compel Arbitration" (Doc. 8)

is **GRANTED** to the extent the Court finds that Defendant may enforce

the arbitration agreement in this case.

(2) This case is **STAYED** pending the completion of arbitration, and the

parties are directed to notify the Court within 14 days of the resolution of

the arbitration proceedings.

(3) The Clerk is directed to terminate all pending motions and deadlines, and

thereafter close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of

September, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE